Scileppi, J. (dissenting).
The result reached by the majority, under the authority of People v. English (16 N Y 2d 719) and its progeny, is truly strange and astounding and carries extremely mischievous if not dangerous consequences. Some members of this court who questioned the soundness of the English decision feared the consequences of its application to future cases. By extending the English rule to the eases at bar, its unsoundness has been highlighted and those fears have been justified. The majority is now holding that in non-sex crimes, such as possession of a dangerous weapon connected with an alleged rape (People v. Sigismondi), it is necessary to prove corroboration. In other words, it is now necessary to prove a rape case in order to convict for assault with a dangerous weapon or to convict for simple assault (involved in the other cases before us), committed on a female who has been defiled. Common sense and practical judicial interpretation of both English and section 2013 of the former Penal Law dictate that the necessity for corroboration be restricted only to the elements of the sexual crime for which a conviction is sought. Neither English nor section 2013 of the former Penal Law nor section 130.15 of the new Penal Law mandates that, in an assault case where a rape is also committed, the necessary corroboration must be broad enough to sustain a conviction for rape. This, in my opinion, is a license to commit rape, for one who makes a sexual attack on a woman can be convicted without corroboration if he falls short of satisfying his lust, but not if he succeeds. The effect of the majority decision makes eyewitnesses or a confession indispensable in such assault cases, notwithstanding that the indictment or information charges a defendant with a non-sex crime. It is common knowledge that sex crimes are hardly ever committed in the presence of others. Thus, many a rapist escapes the penalty of the law for lack of corroboration. It may be that, as a matter of public policy, the requirement of corroboration in rape cases is a necessary protection against unfounded accusations. However, to extend the rule laid down in English to the cases under review can only tend to aggravate the incidence of attacks on women which is steadily increasing. This is an intolerable situation. One need only refer to our news media to find that this is true. The decent law-abiding citizen is no longer safe in his home or on the streets. Indeed, *194 a recent F.B.I. report shows a national increase in crime of 17% thus far in 1967 over 1966.
I cannot agree with the growing judicial attitude which continually unduly favors the criminal defendant at the expense of the rest of society. This is wrong, and our courts must become conscious of the need for the protection of society as well as of those charged with crime.
I feel no compelling reason, therefore, to extend a rule of law which results in sex offenders’ escaping completely the penalty of the law. This is unrealistic and unsound. Bather, I find a pressing need for overruling People v. English (supra), or at least for a limitation of its application to cases charging the commission of a sex crime for which a conviction is sought. Moreover, I do not believe that the doctrine of stare decisis requires that we blindly follow our prior decision in English, when to do so leads to the absurd and dangerous results reached in cases before us today.
The judgment of conviction in People v. Radunovic and in People v. Roccaforte should be affirmed, and the order in People v. Sigismondi should be reversed and the indictment reinstated.